UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-972-SDJ |
| RONNIE LEE MOSS, JR., ET AL. | | |

**FINAL JUDGMENT AS TO DEFENDANT GENESIS E&P, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Genesis E&P, Inc. ("Genesis") having by written Consent entered a general appearance; consented to the Court's jurisdiction over Genesis and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

It is therefore **ORDERED, ADJUDGED, and DECREED** that Genesis is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the

       light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further **ORDERED, ADJUDGED, and DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Genesis's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Genesis or with anyone described in (a).

## II.

It is further **ORDERED, ADJUDGED, and DECREED** that Genesis is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further **ORDERED, ADJUDGED, and DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or

otherwise: (a) Genesis's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Genesis or with anyone described in (a).

### III.

It is further **ORDERED, ADJUDGED, and DECREED** that Genesis is liable for a civil penalty in the amount of $192,768 pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)]. Genesis shall satisfy this obligation by paying $192,768 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Genesis may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Genesis may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Genesis E&P, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Genesis shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making

this payment, Genesis relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Genesis.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Genesis shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Genesis shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Genesis's payment of disgorgement in this action, argue that Genesis is entitled to, nor shall Genesis further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Genesis's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Genesis shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Genesis by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

It is further **ORDERED, ADJUDGED, and DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein and that Genesis shall comply with all of the undertakings and agreements set forth therein.

## V.

It is further **ORDERED, ADJUDGED, and DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

The Court hereby certifies this Judgment as final as to all aspects of all claims asserted against Genesis. This Judgment is not final as to any aspect of any claim asserted against the other Defendants in this action.

Further, the Court determines that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and taking into account judicial administrative interests and the equities involved, there is no just reason for delay. Namely, the other Defendants in this action have failed to timely appear in this case and Genesis's consent to this Final Judgment has been pending for over four months. Given the other Defendants' failure to timely appear in this action, Genesis's interest in resolving pending litigation against it outweighs the interest in providing a single final judgment as to all Defendants. Thus, the Court concludes that sound judicial administration and the balance of equities dictate entering this separable and final Judgment as to Genesis.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to **ENTER** this Final Judgment forthwith and without further notice. The Clerk is further directed to **TERMINATE** Genesis E&P, Inc. as a party to this civil action.

**So ORDERED and SIGNED this 3rd day of May, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE