UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-972-SDJ |
| RONNIE LEE MOSS, JR., ET AL. | | |

**FINAL JUDGMENT AS TO DEFENDANT RONNIE LEE MOSS, JR.**

Plaintiff Securities and Exchange Commission ("Commission") filed a complaint in this action, Defendant Ronnie Lee Moss, Jr., failed to answer or to otherwise defend himself, and the District Clerk entered a default against Moss. The Commission subsequently filed a motion for default judgment against Moss, which the Court granted. Accordingly, this is the Court's Final Judgment as to Moss:

**I.**

It is **ORDERED, ADJUDGED, and DECREED** that Moss is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further **ORDERED, ADJUDGED, and DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Moss's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moss or with anyone described in (a).

## II.

It is further **ORDERED, ADJUDGED, and DECREED** that Moss is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further **ORDERED, ADJUDGED, and DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Moss's officers, agents, servants, employees, and attorneys; and (b)

other persons in active concert or participation with Moss or with anyone described in (a).

### III.

It is further **ORDERED, ADJUDGED, and DECREED** that Moss is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, while engaging in business as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission in accordance with Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] of this section or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

It is further **ORDERED, ADJUDGED, and DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Moss's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moss or with anyone described in (a).

### IV.

It is further **ORDERED, ADJUDGED, and DECREED** that Moss is permanently restrained and enjoined from directly or indirectly, including, but not

limited to, through any entity owned or controlled by Moss, participating in the issuance, purchase, offer, or sale of any security in an unregistered transaction; provided, however, that such injunction shall not prevent Moss from purchasing or selling securities for his own personal account, with the Court to determine on the motion of the Commission whether this injunction should be made permanent or otherwise modified.

It is further **ORDERED, ADJUDGED, and DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Moss's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moss or with anyone described in (a).

## V.

It is further **ORDERED, ADJUDGED, and DECREED** that Moss is liable for disgorgement of $3,241,889, representing net profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest of $524,526.53, and a civil penalty in the amount of $3,241,889 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Moss shall satisfy this obligation by paying $3,766,415.53 in disgorgement and prejudgment interest, plus $3,241,889 in civil penalty for a total amount of $7,008,304.53 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Moss may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Moss may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ronnie Lee Moss, Jr. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Moss shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Moss relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Moss.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the

5

violation of any Court orders issued in this action. Moss shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Moss shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Moss's payment of disgorgement in this action, argue that Moss is entitled to, nor shall Moss further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Moss's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Moss shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Moss by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

It is further **ORDERED, ADJUDGED, and DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint have been deemed by the Court as true and admitted by Moss, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Moss under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Moss of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

It is further **ORDERED, ADJUDGED, and DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

The Court hereby certifies this Judgment as final as to all aspects of all claims asserted against Moss. This Judgment is not final as to any aspect of any claim asserted against the other Defendants in this action.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to **ENTER** this Final Judgment forthwith and without further notice. The Clerk is further directed to **TERMINATE** Ronnie Lee Moss, Jr., as a party to this civil action.

**So ORDERED and SIGNED this 11th day of March, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE